FILED
2020 Feb-28 PM 01:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| RONEICE LAGAIL VAUGHN NEWMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action Number |
| | ) | 4:19-cv-00304-AKK-HNJ |
| PATRICIA BRADLEY, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner Roneice Lagail Vaughn Newman, proceeding *pro se*, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. Newman challenges an August 2, 2018, disciplinary action she received for using the phone account of another inmate. *Id*. On January 23, 2020, the magistrate judge to whom the case was referred entered a report and recommended that this petition be dismissed with prejudice. Doc. 19. The petitioner filed timely objections to the report and recommendation. Doc. 20.

Although the petitioner challenged the disciplinary action based upon both due process and equal protection grounds, her objections concern only findings of fact and conclusions of law concerning her equal protection claim. Doc. 20. Specifically, the petitioner asserts her equal protection claim based on a "class of

one" should not be dismissed. She states she and the other inmate involved in the incident should have been treated the same. *Id*.

A "class of one" equal protection claim alleges that a plaintiff "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Griffin Indus. v. Irvin*, 496 F.3d 1189, 1202 (11th Cir. 2007) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). The same strict "similarly situated" standard applies whether an equal protection claim is brought under a "class of one" theory or a traditional theory of unlawful discrimination. *Id*. at 1204–05; *see also Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1306 (11th Cir. 2009).

Newman points only to inmate Allredge-Cryar to demonstrate she received less favorable treatment than another inmate. However, Newman fails to show she was similarly situated in all relevant respects to Allredge-Cryar. While Newman claims in her objections that funds were placed on Allredge-Cryar's account in Newman's name, still missing is any evidence that Allredge-Cryar committed substantially the same violation as Newman—using another inmate's account to circumvent phone regulations. Newman states code violation 297, of which she was found guilty, encompasses the behavior Allredge-Cryar undertook.[1] Doc. 20. While

---

[1] Newman does not assert the BOP erred in disciplining her. Rather, she contends that Allredge-Cryar should have received the same punishment she received. Doc. 20. Missing from the record, however, is any evidence that Allredge-Cryar willingly participated in the phone scheme, that

2

Allredge-Cryar may have been complicit in Newman's wrongful actions, the record before the court is devoid of evidence that Allredge-Cryar committed the same infraction as Newman. Thus, Newman fails to produce evidence that she and Allredge-Cryar were in fact similarly situated in all respects.

Even if Newman had produced sufficient evidence to demonstrate she and Allredge-Cryar were similarly situated, she fails to point to any evidence concerning intent. Merely alleging Allredge-Cryar received more favorable treatment does not state an equal protection claim. *See GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1367-68 (11th Cir. 1998). Newman fails to show that any BOP individual involved in the disciplinary decision acted with the intent to discriminate. To establish a "class of one" claim, Newman must demonstrate that she was intentionally treated differently from others similarly situated, and that there was no rational basis for the difference in treatment. *See Strickland v. Alderman,* 74 F.3d 260, 264 (11th Cir. 1996) (requiring both evidence that a petitioner was treated differently than similarly situated persons; and that difference was "for the purpose of discriminating" against the petitioner); S*nyder v. Gaudet*, 756 F.3d 30, 34 (1st

---

prison officials knew Allredge-Cryar did so, and that Allredge-Cryar received no disciplinary action. According to a statement by case manager Bell, Allredge-Cryar "stated she did not know who (sic) voice it was on the phone . . . ," doc. 12-4 at 4, and that she stated, "I don't know who used my phone . . . ," *id.* at 5.

Cir. 2014) ("the plaintiff ordinarily must also show that the defendant's differential treatment of the plaintiff was motivated by 'bad faith or malicious intent to injure.'").

At best, Newman has argued that Allredge-Cryar aided Newman's own violation of prison rules. Because the actions of Newman and Allredge-Cryar are not identical, prison officials had a rational basis for treating the two inmates differently. *See e.g., Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1216 (10th Cir. 2011) (requiring a plaintiff show "this difference in treatment was without rational basis, that is, the government action was 'irrational and abusive,' . . . and 'wholly unrelated to any legitimate state activity.'") (citation omitted); *Decker v. Bell*, 772 F. App'x 339, 341 (7th Cir. 2019) ("A class-of-one claim cannot succeed if the prison treated [the petitioner] differently than his cellmate for a rational reason."). Therefore, even if Newman's arguments could be considered as establishing that she and Alledge-Cryar received different treatment, she wholly fails to set forth any argument, much less evidence, that the differing treatment was the result of any discriminatory animus. Mere inconsistencies in prison management do not, by themselves, establish an equal protection claim. *Clapper v. Wisc. Dept. of Corr.*, 946 F.Supp. 672, 680 (E.D.Wisc. 1996) (citing *Shango v. Jurich*, 681 F.2d 1091, 1103–05 (7th Cir. 1982).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's Report and Recommendation, and

4

Newman's objections, the court **OVERRULES** the petitioner's objections, **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendation. Accordingly, the petition for writ of habeas corpus is due to be **DISMISSED WITH PREJUDICE**.

A separate Final Order will be entered.

**DONE** the 28th day of February, 2020.

　　　　　　　　　　　　　　　　　　／s／ Abdul Kallon
　　　　　　　　　　　　　　　　**ABDUL K. KALLON**
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE